## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANGEL PANTOJA ALAMEDA and JAIME MARIN PEREZ, individually and on behalf of all persons similarly situated, | : : : : | **Class & Collective Action** |
| **Plaintiffs,** | : : | |
| **v.** | : : : | **Jury Trial Demanded** |
| TW CONSTRUCTION, INC. d/b/a TW OUTDOOR SERVICES. | : : : | |
| **Defendant.** | : : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Angel Pantoja Alameda ("Pantoja") and Jaime Marin Perez ("Marin Perez") (collectively, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Class and Collective Action Complaint against Defendant TW Construction, Inc. d/b/a TW Outdoor Services, ("TW" or "Defendant"), seeking all relief available under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, and Pennsylvania common law.  Plaintiffs' FLSA claims are asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while their PMWA, WPCL, and Pennsylvania common law claims are asserted as a class action under Federal Rule of Civil Procedure 23.  *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (FLSA collective action claims and Rule 23 class action claims may proceed  together in same lawsuit).

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiffs' FLSA claims are proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts as the FLSA claim.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  The events giving rise to Plaintiffs' claims occurred within this District, Defendant TW is incorporated in Pennsylvania, and Defendant conducts business in this District.

## PARTIES

4.      Plaintiff Angel Pantoja Alameda resides in Bucks County, Pennsylvania.  From approximately April 2014 until July 2018, Plaintiff Pantoja worked for Defendant as a landscape laborer.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Pantoja has consented to be a Plaintiff in this action.  *See* Exhibit A.

5.      Plaintiff Jaime Marin Perez resides in Bucks County, Pennsylvania.  From approximately November 2013 until October 2018, Plaintiff Marin Perez worked for Defendant as a landscape laborer.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Marin Perez has consented to be a Plaintiff in this action.  *See* Exhibit B.

6.      Defendant TW is a corporation that maintains its operational headquarters in Morrisville, Bucks County, Pennsylvania and is incorporated in Pennsylvania.

7.      Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8.      Upon information and belief, the combined annual gross volume of sales made or business done by Defendant exceeds $500,000.

9.      Defendant provides landscaping, parking lot and street sweeping, and snow removal

services, in Pennsylvania and surrounding states.

10.     Defendant employed Plaintiffs and have employed and continue to employ similarly situated employees.

## CLASS DEFINITIONS

11.     Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class:

> All current and former landscape laborers, sweepers, and snow removers employed by Defendant who performed work between during the applicable limitations period (the "FLSA Collective").

12.     Plaintiffs bring Counts II, III and IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class:

> All current and former landscape laborers, sweepers, and snow removers employed by Defendant who performed work in Pennsylvania during the applicable limitations period (the "Pennsylvania Class").

The FLSA Collective and the Pennsylvania Class are together referred to as the "Classes."

13.     Plaintiffs reserve the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

14.     Defendant provides landscaping, parking lot sweeping, and snow removal services in Pennsylvania and surrounding states. Defendant also provides snow removal in states along the East Coast, including the states in the Southeast and in New England.

15.     Defendant employed Plaintiffs and Class Members to perform landscaping, parking lot and street sweeping, and snow removal work in Pennsylvania and states on the East Coast.

16.     Plaintiffs and Class Members work substantially more than forty hours per week for Defendant, yet they are not paid for all hours worked, and are not paid proper overtime premiums.

3

17.     From approximately April 2014 until July 2018, Plaintiff Pantoja was employed by Defendant. During his employment with Defendant, Plaintiff Pantoja performed work in landscaping, sweeping, and snow removal services for Defendant.

18.     From approximately November 2013 until October 2018, Plaintiff Marin Perez was employed by Defendant. During his employment with Defendant, Plaintiff Marin Perez performed work in landscaping, sweeping, and snow removal services for Defendant.

19.     Plaintiffs and Class Members are manual laborers and are not exempt under the FLSA or PMWA.

20.     Plaintiffs' and Class Members' primary responsibilities were: mowing lawns; pruning; laying mulch; spraying pesticides; cleaning up garbage and debris in parking lots of commercial properties; removing snow from driveways and parking lots; and preparing driveways and parking lots of commercial properties for snow and ice.

**Plaintiffs and Class Members Routinely Worked Far In Excess of Forty Hours Per Week**

21.     Plaintiffs and Class Members regularly worked more than forty (40) hours per week.

22.     Typically, Plaintiffs and Class Members worked between seventy-two (72) and one hundred and two (102) hours per week, if they did not work any double shifts of landscaping and sweeping that week.

23.     When Plaintiffs and Class Members worked a double shift of landscaping and sweeping during the peak landscaping season, they completed approximately one hundred and ten (110) hours of work in one workweek.

24.     During the peak landscaping season, from the beginning of March until the end of June, Plaintiffs and Class Members regularly arrived at the shop at 5:00 a.m. or 6:00 a.m. and regularly worked until 9:00 p.m. or 10:00 p.m. on Monday through Saturday.

25.     Plaintiff Marin Perez and Class Members regularly worked on Sundays. Plaintiff Pantoja also occasionally worked on Sundays.

26.     During the peak landscaping season, Plaintiffs and Class Members sometimes worked until midnight up to three (3) times per week.

27.     During the low landscaping season, from the beginning of July until the end of February, Plaintiffs and Class Members regularly started the workday at 6:00 a.m. or 7:00 a.m. Monday through Saturday.  Plaintiffs and Class Members regularly ended the workday in the low season at 7:00 p.m. or 8:00 p.m.

28.     Plaintiffs and Class Members worked between ninety (90) and one hundred and two (102) hours per week during the peak landscaping season, and between seventy-two (72) and eighty-four (84) hours per week during the low landscaping season.

29.     In addition to landscaping work, Plaintiffs and Class Members performed overnight shifts sweeping parking lots at commercial properties in Pennsylvania and other states in the Northeast.

30.     Plaintiffs and Class Members performed at least one week of overnight sweeping shifts approximately every three (3) to four (4) weeks.

31.     During the weeks when Plaintiffs and Class Members performed overnight sweeping shifts, they usually did not work landscaping shifts during the day.

32.     However, occasionally Plaintiffs and Class Members performed overnight sweeping shifts in addition to landscaping shifts. They worked these double shifts approximately once or twice per month.

33.     When Plaintiffs and Class Members performed overnight sweeping shifts in addition to landscaping shifts, they were required to punch out for the landscaping shift and then punch in

again for the sweeping shift.

34.     For sweeping shifts, Plaintiffs and Class Members regularly started at approximately 7:00 p.m. or 8:00 p.m.  They regularly finished their shifts at approximately 9:00 a.m. or 10:00 a.m. the next day.

35.     In the winter season, Plaintiffs and Class Members performed snow removal work for Defendant.

36.     For snow removal work, Plaintiffs and Class Members frequently traveled to other areas outside of Pennsylvania, including Buffalo, New York, Boston, Massachusetts, and Virginia.

37.     When Plaintiffs and Class Members conducted snow removal work, Defendant paid them exclusively in cash.

38.     Plaintiffs and Class Members frequently worked in rotating twenty-four (24) hour shifts, with approximately four (4) hours of rest, for heavy snowstorms.

### Plaintiffs and Class Members Are Not Paid Their Wages and Overtime Premiums

39.     Plaintiffs and Class Members were paid at an hourly rate, between approximately $13 and $19 per hour.

40.     Plaintiffs and Class Members were promised to be paid for all hours worked.

41.     Despite this promise, Defendant often failed to pay Plaintiffs and Class Members for all hours worked.

42.     Defendant frequently deducted six (6) to seven (7) hours per week from the wages of Plaintiffs and Class Members, for lunch and other breaks during which Plaintiffs and Class Members actually worked.

43.     Defendant did not pay Plaintiff and Class Members the time-and-a-half overtime premium for hours worked more than forty (40) hours per week.

44.     Instead, Defendant paid Plaintiffs and Class Members at their straight hourly rate for all hours worked up to fifty (50) hours by check, and paid for hours worked in excess of fifty (50) per week in cash, all at their regular rate of pay rather than an overtime rate as required by law.

### Defendant Took Unauthorized Deductions From Plaintiffs and Class Members

45.     Defendant deducted $32.00 to $33.00 per week for uniforms for Plaintiffs and Class Members.

46.     Defendant also deducted from Plaintiffs' paychecks for repairs of TW equipment. Plaintiffs observed that Defendant deducted from Class Members' paychecks for repairs of TW equipment.

47.     Plaintiffs did not authorize these deductions for equipment repairs. Plaintiffs observed that Class Members did not authorize deductions for equipment repairs.

48.     Defendant did not provide documentation of deductions for equipment repairs on the pay statements.

49.     Defendant did not provide documentation of the cost of repairs, such as receipts, to Plaintiffs or Class Members.

### COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

50.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

51.     Plaintiffs desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

52.     Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's common pay practices and, as a result of such practices, were not paid the full and legally mandated

overtime premium for hours worked over forty (40) during the workweek and were not paid for all hours worked.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices applicable to landscape laborers and sweepers.

53.     Specifically, Defendant failed to pay overtime at one-and-one-half (1½) times the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

54.     In addition, Defendant unlawfully deducted for equipment repairs without authorization of the Plaintiff or Collective member employee.  Defendant never provided receipts for deductions and did not document these deductions on pay statements.  During some pay periods, these deductions brought Plaintiffs' and Collective Members' wages below the FLSA protected wage.

55.     The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's records and the records of any payroll companies that Defendant utilizes.

56.     FLSA Collective Members may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

<u>**CLASS ACTION ALLEGATIONS**</u>

57.     Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the Pennsylvania Class defined above.

58.     The members of the Pennsylvania Class are so numerous that joinder of all members

is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

59.     The class is comprised of primarily limited English proficient landscape laborers who reside in Bucks County and surrounding counties. The relatively small size of individual claims and interpretation needs of Plaintiffs and Class Members make the maintenance of separate actions by each Class member impractical.

60.     Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiffs and those of the Pennsylvania Class, and Plaintiffs' claims are typical of the claims of the Pennsylvania Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

61.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class Members, including, without limitation: whether Defendant violated and continues to violate Pennsylvania law through their policy or practice of not paying its landscape laborers and sweepers proper overtime compensation for all hours worked and whether Defendant violated and continues to violate Pennsylvania law through their policy or practice of deducting from workers' wages without written authorization for uniforms and equipment repairs.

62.     Plaintiffs' claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation: (a) Plaintiffs are members of the Pennsylvania Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are

no conflicts between the interests of Plaintiffs and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Pennsylvania Class Members.

63.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class Members.

64.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Pennsylvania Class is readily identifiable from Defendant's employment records.  Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendant.

65.     Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the Pennsylvania Class.  Plaintiffs envision no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of Plaintiffs and the FLSA Collective)**

66.     All previous paragraphs are incorporated as though fully set forth herein.

67.     The FLSA requires that covered employees be compensated for all hours worked in

excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

68.     Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

69.     At all relevant times, Defendant is an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

70.     During all relevant times, Plaintiffs and the FLSA Collective are covered employees entitled to the above-described FLSA's protections.  *See* 29 U.S.C. § 203(e).

71.     Plaintiffs and the FLSA Collective are not exempt from the requirements of the FLSA. Plaintiffs and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

72.     Defendant's compensation scheme applicable to Plaintiffs and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

73.     Defendant knowingly failed to compensate Plaintiffs and the FLSA Collective at a rate of one-and-one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

74.     Upon information and belief, Defendant also failed to make, keep, and preserve records with respect to Plaintiffs and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

75.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

76.     Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to

pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of Plaintiffs and the Pennsylvania Class)

77.     All previous paragraphs are incorporated as though fully set forth herein.

78.     The PMWA requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 PA. CODE § 231.21(b).

79.     The PMWA also requires that covered employees be compensated for all hours worked more than forty (40) hours per week at a rate not less than one-and-one-half (1 ½) times the regular hourly rate at which he is employed.  *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

80.     Defendant is subject to the overtime requirements of the PMWA because Defendant is an employer under 43 P.S. § 333.103(g).

81.     During all relevant times, Plaintiffs and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections.  *See* 43 P.S. § 333.103(h).

82.     Defendant's compensation scheme that is applicable to Plaintiffs and the Pennsylvania Class failed to comply with 43 P.S. §§ 333.104(a) and (c), 34 PA. CODE §§ 231.1(b) and 43(b).

83.     Defendant failed to compensate Plaintiffs and the Pennsylvania Class at a rate of one-and-one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

84.     Defendant failed to accurately track all of the hours that Plaintiffs and the Pennsylvania Class work.  *See* 43 P.S. § 333.108 and 34 PA. CODE § 231.31.

85.     Pursuant to 43 P.S. § 333.113, employers, such as Defendant, who fail to pay an

employee wages in conformance with the PMWA, shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

### COUNT III
### Violation of the Pennsylvania Wage Payment and Collection Law
### (On Behalf of Plaintiffs and the Pennsylvania Class)

86.     All previous paragraphs are incorporated as though fully set forth herein.

87.     The Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* ("PWPCL"), requires that employers pay covered employees all wages due, including overtime. *See* 43 P.S. § 260.3(a).

88.     The WPCL permits deductions from employee wages for specific reasons.  34 Pa. Admin. Code § 9.1.

89.     Defendant is subject to the wage payment requirements of the PWPCL because Defendant is an "employer" under 43 P.S. § 260.2(a).

90.     During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the PWPCL's above-described protections.

91.     Defendant deducted from Plaintiffs and the Pennsylvania Class's pay each week for uniforms in the amount of $32.00 or $33.00.

92.     Plaintiffs and the Pennsylvania Class did not provide written authorization to the deductions for uniforms as required under 34 Pa. Admin. Code § 9.1.

93.     Defendant did not make the uniform deductions for the convenience of the employees.

94.     Defendant made deductions from Plaintiffs and the Pennsylvania Class's wages when Defendant equipment broke down due to normal use or when the equipment was accidentally damaged during the course of performing work for Defendant.

13

95.     Plaintiffs and the Pennsylvania Class did not provide written authorization the deductions for equipment repairs as required under 34 Pa. Admin. Code § 9.1.

96.     Defendant did not make the equipment-related deductions for the convenience of the employees.

97.     These unlawful deductions constitute unpaid wages owed to Plaintiffs and the Pennsylvania Class.

98.     Defendant failed to compensate Plaintiffs and the Pennsylvania Class overtime for hours worked more than forty (40) in a workweek, in violation of Pennsylvania Code, 43 P.S. § 260.3.

99.     Defendant is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiffs and the Pennsylvania Class' wages that concern this lawsuit.

100.    Defendant did not have written authorization from any Plaintiffs or Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

101.    Plaintiffs and the Pennsylvania Class's unpaid wages for unlawful deductions and overtime payments remain more than thirty (30) days overdue, and a good faith contest or dispute exists for non-payment.

102.    The amount of unpaid wages due exceeds 5% of the gross wages payable in two or more pay periods in multiple calendar quarters, and no good faith contest or dispute exists to account for non-payment.

103.    Plaintiffs and the Pennsylvania Class are entitled to damages pursuant to 43 P.S. § 260.10, including: unpaid wages pursuant and liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500.00), whichever

is greater, for each pay period from which wages remain unpaid or each calendar quarter in which shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter.

104.   Plaintiffs and the Pennsylvania Class are entitled to reasonable attorneys' fees pursuant to 43 P.S. § 260.9a(f).

**COUNT IV**
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Pennsylvania Class)**

105.   All previous paragraphs are incorporated as though fully set forth herein.

106.   Defendant received and benefited from the uncompensated labors of Plaintiffs and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

107.   At all relevant times hereto, Defendant devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from Plaintiffs and the Pennsylvania Class without properly paying compensation for all hours worked, including overtime compensation.

108.   Contrary to all good faith and fair dealing, Defendant induced Plaintiffs and the Pennsylvania Class to perform work while failing to properly compensate for all hours worked as required by law, including overtime compensation.

109.   By reason of having secured the work and efforts of Plaintiffs and the Pennsylvania Class without proper compensation as required by law, Defendant enjoyed reduced overhead with respect to their labor costs and therefore realized additional earnings and profits to their own benefit and to the detriment of Plaintiffs and the Pennsylvania Class.  Defendant retained and continue to retain such benefits contrary to the fundamental principles of justice, equity and good

conscience.

110.    Accordingly, Plaintiffs and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class Members;

c. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania Class;

d. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated and statutory damages to the fullest extent permitted under the law;

f. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Dated: March 14, 2019                    Respectfully submitted,

                                         Sarah R. Schalman-Bergen (PA 206211)
                                         Camille Fundora Rodriguez (PA 312533)
                                         BERGER MONTAGUE PC
                                         1818 Market Street, Suite 3600
                                         Philadelphia, PA 19103
                                         Telephone: (215) 875-3000
                                         Facsimile: (215) 875-4620
                                         sschalman-bergen@bm.net
                                         crodriguez@bm.net

                                         Alia Al-Khatib (PA 325456)
                                         Kathryn Brown (PA 315876)
                                         Liz Chacko (PA 95115)
                                         JUSTICE AT WORK, INC.
                                         990 Spring Garden Street, Suite 300
                                         Philadelphia, PA 19123
                                         Telephone: (215) 733-0878
                                         Facsimile: 215-733-0876
                                         aal-khatib@justiceatworklegalaid.org
                                         kbrown@justiceatworklegalaid.org
                                         lchacko@justiceatworklegalaid.org

                                         Ryan Allen Hancock (PA 92590)
                                         Willig, Williams & Davidson
                                         1845 Walnut Street, 24th Floor
                                         Philadelphia, PA  19103
                                         Telephone: (215) 656-3600
                                         Facsimile: (215) 567-2310
                                         rhancock@wwdlaw.com

                                         *Attorneys for Plaintiffs and the Proposed
                                         Classes*

Exhibit A

**CONSENT TO BE PLAINTIFF**

This is to notify the Court that I, <u>Angel Pantoja Alameda</u>, hereby consent to be a plaintiff under the Fair Labor Standards Act (FLSA) and any applicable state employment law, including the Pennsylvania Minimum Wage Act, in claims arising from my employment in the United States of America with <u>TW Construction, Inc., TW Outdoor Services</u>, and affiliated entities and persons.

<u>*Angel Pantoja Alameda*</u>
ANGEL PANTOJA ALAMEDA

Dated: <u>02/06/19</u>

**CONSENTIMIENTO PARA SER UN DEMANDANTE**

Por la presente le aviso a la Corte que yo, <u>Angel Pantoja Alameda</u>, estoy de acuerdo con ser un Demandante bajo la Ley de Normas Justas de Trabajo (Fair Labor Standards Act/FLSA) y cualquier otras leyes estatales de empleo que se apliquen, incluyendo la Ley del Sueldo Mínimo de Pennsylvania, en las reclamaciones derivadas de mi empleo en los Estados Unidos de América con <u>TW Construction, Inc., TW Outdoor Services</u>, y las entidades y personas afiliadas.

<u>*Angel Pantoja Alameda*</u>
ANGEL PANTOJA ALAMEDA

Fecha: <u>02/06/19</u>

Exhibit B

## CONSENT TO BE PLAINTIFF

This is to notify the Court that I, Jaime Marin Perez, hereby consent to be a plaintiff under the Fair Labor Standards Act (FLSA) and any applicable state employment law, including the Pennsylvania Minimum Wage Act, in claims arising from my employment in the United States of America with TW Construction, Inc., TW Outdoor Services, and affiliated entities and persons.

_____

JAIME MARIN PEREZ

Dated: 2/6/19

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por la presente le aviso a la Corte que yo, Jaime Marin Perez, estoy de acuerdo con ser un Demandante bajo la Ley de Normas Justas de Trabajo (Fair Labor Standards Act/FLSA) y cualquier otras leyes estatales de empleo que se apliquen, incluyendo la Ley del Sueldo Mínimo de Pennsylvania, en las reclamaciones derivadas de mi empleo en los Estados Unidos de América con TW Construction, Inc., TW Outdoor Services, y las entidades y personas afiliadas.

_____

JAIME MARIN PEREZ

Fecha: 2/6/19